UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SAMUEL LEE STRICKLAND,

    Plaintiff,

    v.       CAUSE NO. 3:21-CV-658-JD-MGG

ST. JOSEPH COUNTY JAIL, ARAMARK
FOOD SERVICES,

    Defendants.

## OPINION AND ORDER

Samuel Lee Strickland, a prisoner without a lawyer, filed a complaint alleging two problems with the food he was served at the St. Joseph County Jail. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Strickland alleges he was booked into the St. Joseph County Jail on August 5, 2021. He was transferred to the Porter County Jail on September 2, 2021. *See* ECF 4. During this time, he alleges he made multiple requests for a Kosher diet for health and religious reasons. He does not explain the health reasons nor identify his religion.

Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. *Vinning-El v. Evans*, 657 F.3d 591, 592-93 (7th Cir. 2011). "The Free Exercise Clause prohibits the state from imposing a substantial burden on a central religious belief or practice." *Kaufman v. Pugh*, 733 F.3d 692, 696 (7th Cir. 2013). Though restrictions that limit the exercise of religion are permissible if they are reasonably related to legitimate penological objectives, which include safety, security, and economic concerns. *Turner v. Safley*, 482 U.S. 78, 89-91 (1987).

Strickland sues the St. Joseph County Jail, but the jail is building. It is not a suable entity. *Smith v. Knox County Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012). He also sues Aramark Food Services, a private corporation. A private company performing a State function can be held liable to the same extent as a municipal entity under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978). *Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012). Corporate "liability exists only when execution of a [corporation's] policy or custom . . . inflicts the injury." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (quotation marks omitted).

Here, Strickland does not identify who knew he wanted a Kosher meal. He does not say whether anyone responded to his requests. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief

2

above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). This complaint does not plausibly allege Strickland was denied a Kosher meal due to a policy or custom of Aramark.

Strickland also alleges he bit down on a rock in his macaroni and cheese on August 20, 2021. He immediately showed the rock to a guard who offered a replacement meal which Strickland refused. Later (the complaint does not say when) he filed a grievance asking to see a dentist and for a different diet. He does not mention any injury other than the immediate shock and pain when he bit the rock. When he signed the complaint on August 26, 2021, (six days after he discovered the rock in his food) he had not yet gotten a response. As noted, the St. Joseph County Jail is not a proper defendant and Aramark can only be sued if he was injured as a result of one of its policies or customs. Strickland does not identify a policy or custom which resulted in any injury.

This complaint does not state a claim for which relief can be granted. Nevertheless, Strickland may file an amended complaint if he believes he can state a

3

claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library.

For these reasons, the court:

(1) GRANTS Samuel Lee Strickland until **December 29, 2021**, to file an amended complaint; and

(2) CAUTIONS Samuel Lee Strickland if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on November 29, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT