UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

SAMUEL LEE STRICKLAND,

 Plaintiff,

  v.    CAUSE NO. 3:21-CV-658-JD-MGG

ARAMARK FOOD SERVICES,

 Defendant.

OPINION AND ORDER

 Samuel Lee Strickland, a prisoner without a lawyer, filed a complaint alleging problems with the food he was served at the St. Joseph County Jail. ECF 1. The court screened the complaint and found it did not state a claim. ECF 10. The screening order noted a number of shortcomings and granted him leave to file an amended complaint. He filed an amended complaint which the court will now screen. *See* ECF 11.

 "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

 The amended complaint makes a number of changes, but it does not correct the deficiencies previously noted. Strickland again alleges he experienced pain when he bit

down on a rock that was in his dinner on August 20, 2021. The only named defendant is Aramark Food Services, a private corporation. As explained in the prior screening order, corporate "liability exists only when execution of a [corporation's] policy or custom . . . inflicts the injury." *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005) (quotation marks omitted). This complaint makes no mention of the rock in his food being the result of a corporate policy or custom.

Strickland alleges he was not provided immediate medical attention by a guard to whom he reported having bitten a rock. He also alleges he did not receive medical treatment by anyone at the St. Joseph County Jail during the thirteen days before he was transferred to the Porter County Jail. However, he provides no explanation what treatment he needed and makes no mention of receiving any treatment during the nearly four months he was at the Porter County Jail before he filed the amended complaint. As noted in the prior screening order, the only injury he mentions is the immediate shock and pain when he bit the rock. It is unclear what, if any medical treatment, he needed. Moreover, the amended complaint does not explain how a policy or custom of Aramark caused a denial of medical treatment.

The amended complaint does not state a claim for reasons very similar to why the original complaint did not state a claim. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). Here however, Strickland was granted the opportunity to cure the defects

with his pleading and the amended complaint has substantially the same deficiencies. Therefore, this case will now be dismissed.

    For these reasons, this case is DISMISSED pursuant to 28 U.S.C. § 1915A because the amended complaint does not state a claim for which relief can be granted.

    SO ORDERED on January 26, 2022

                                /s/JON E. DEGUILIO
                                CHIEF JUDGE
                                UNITED STATES DISTRICT COURT